GEORGE W. BOYD vs. AUGUSTUS L. SOULE, Administrator.

By indenture, B. agreed to assign one mortgage and a judgment to A., and a mortgage on other land to A., or to any person whom he should designate, in trust for him; and A. covenanted "to reduce the property so conveyed to him into money," and invest the proceeds, and mortgage or pledge them to B. to secure the payment of an annuity to him. B. assigned the first mortgage and judgment to A., and, at A.'s request, assigned the other mortgage to C., who signed a declaration that he held it in trust for A. A. died insolvent, and C. was appointed administrator of his estate, and received the amount of this mortgage from a second mortgagee of the same land. *Held*, that equity would compel C. to apply so much of this amount as was necessary to secure the payment of the annuity to B.

BILL IN EQUITY. The case was set down for hearing on the bill and answer, and was as follows :

The plaintiff made an agreement in writing with James H. Gray, to assign to Gray a mortgage of land in New Jersey, with the debt thereby secured, and also a judgment against Henry W. Adams, and to assign to Gray, or to any person whom he should designate, in trust for him, a mortgage of land in Springfield, made by him to the plaintiff; in consideration of Gray's covenant, " from and after the time of the transfer to him of the mortgages and judgment above mentioned " to pay to the plaintiff for life an annuity of $400 in quarterly payments, and " so soon as may reasonably be after the conveyances to him from the said Boyd as aforesaid " to " reduce the property so conveyed to him into money," and invest the same in real estate or stocks, to be mortgaged or pledged to the plaintiff to secure the performance of these covenants.

The New Jersey mortgage and the judgment were afterwards transferred to Gray and by him reduced to money, the money invested in real estate, and that mortgaged to the plaintiff. The other mortgage was assigned, at the request of Gray, to the defendant in fee, who, at the same time, signed and sealed a declaration that he held it for and in behalf of Gray.

Gray, after paying one instalment of the annuity, died; the defendant was appointed administrator of his estate, which was

represented and proved insolvent; and this mortgage was paid by a second mortgagee and the mortgage transferred to him.

*H. Vose*, for the plaintiff, contended that the money paid in discharge of the mortgage should be held as security for the payment of the annuity to him, and cited Rev. Sts. *c.* 74, § 14; 1 Story on Eq. §§ 61, 532, 533, 534; 2 Story on Eq. §§ 716, 717, 722, 729, 785, 790; *Clark* v. *Flint*, 22 Pick. 231; *Yancey* v *Stone*, 7 Rich. Eq. 16; Bouvier Law Dict. "Trust"; *Arms* v. *Ashley*, 4 Pick. 71; *Safford* v. *Rantoul*, 12 Pick. 232; *Johnson* v. *Ames*, 11 Pick. 173; *Root* v. *Blake*, 14 Pick. 271; *Burnside* v. *Merrick*, 4 Met. 537; *Cowles* v. *Whitman*, 10 Conn. 121; *Shibla* v. *Ely*, 2 Halst. Ch. 181; *Trecothick* v. *Austin*, 4 Mason, 29.

*Soule, pro se*, argued that the Rev. Sts. *c.* 74, §§ 10–14, applied only to agreements to convey specific real estate; that Gray's covenants to reduce " the property so conveyed to him into money," and invest the proceeds and mortgage them to the plaintiff, applied only to the mortgage and judgment conveyed to himself, and not to the mortgage conveyed to the defendant to his own use; that the simultaneous declaration of trust was an agreement of the defendant with Gray, to which the plaintiff was not privy; and that the plaintiff, at most, was entitled to no greater part of this mortgage than was necessary to secure the payment of the annuity, after applying the other securities held by the plaintiff.

SHAW, C. J. We are of opinion that, under the contract between Boyd and Gray, the transfer of property from Boyd to Gray was made upon condition that the proceeds should be converted into money, and be specifically invested and pledged in such a manner that they should stand as a security to Boyd for the payment of the annuity for $400 to Boyd; that Gray took it with an agreement that it should be thus pledged, when realized; that the assignment made by Boyd to Soule, for the use of Gray, being Soule's own mortgage, was made in pursuance of the same agreement and subject to the same condition and trust as the property conveyed directly from Boyd to Soule, and was so made to Soule in trust and for the use of Gray, to avoid the danger of a merger and extinguishment if made directly

to Gray; that when Gray died, this assignment still remained in Soule, in trust for Gray but also in trust under the original agreement of Gray with Boyd that the proceeds, when realized, should be invested and transferred in security of the annuity; that Soule, being himself assignee of the mortgage, and administrator of Gray, when he received this money from a subsequent mortgagee, took the money in trust; because that construction would best accomplish the purpose of the original agreement, and that he holds it subject to the trust for the plaintiff. But he must so hold it as collateral security only for the payment of the annuity; and therefore, if not all needed for such security to the plaintiff, the residue already in the hands of the defendant as administrator he will hold as assets of the estate.

*Decree accordingly.*